IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **JENIFER HAASE,** § | § | CAUSE NO. |
| **PLAINTIFF,** § | § | |
| V. § | § | 1:22-cv-4 |
| **RICHESON MANAGEMENT CORP. AND theRICHESON GROUP DBA DAIRY QUEEN** § | § | |
| **DEFENDANTS.** § | § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**Plaintiff JENIFER HAASE ("Plaintiff")** files this Complaint and would respectfully show the Court as follows:

## PARTIES

1. Plaintiff is an individual who currently resides in Stuart, Oklahoma.

2. **Defendant RICHESON MANAGEMENT CORP. ("Defendant RMC")**, is a Texas corporation. It may be served with process through its registered agent, Patricia D. Dial, Hwy 67 South Rosser Ranch Rd, PO Drawer 1299, Graham, TX 76046, or wherever she may be found.

3. **Defendant theRICHESON GROUP, LLC dba DAIRY QUEEN ("Defendant Richeson Group")** is a Texas limited liability company. It may be served with process through its registered agent, Patricia D. Dial, Hwy 67 South Rosser Ranch Rd, PO Drawer 1299, Graham, TX 76046, or wherever she may be found.

---

PLAINTIFF'S COMPLAINT                                                                                                    PAGE 1

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction because the action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3).

5. Venue is proper in the U.S. District Court for the Northern District of Texas, Abilene Division pursuant to 42 U.S.C. 1391(b) because the unlawful practices alleged below were committed therein.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff filed this suit within ninety (90) days of receiving a Notice of Right to Sue from the EEOC.

## STAY PENDING ARBITRATION

7. Plaintiff recognizes that Defendants have a program of mandatory arbitration administered through the American Arbitration Association (AAA). Plaintiff has filed a demand for arbitration with AAA. Plaintiff files this suit in an abundance of caution to preserve the statute of limitations and anticipates that the parties will move for a stay pending the arbitration. *Fonseca v. USG Ins. Servs., Inc.*, 467 Fed. App'x 260, 261 (5th Cir. 2012).

## CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred.

## FACTS

9. Defendant Richeson Group owns 62 Dairy Queen locations, including the one located in Colorado City, Scurry County, Texas. Defendant Richeson Group employs up to 1000 people seasonally.

10. Defendant RMG operates the locations.

11. At the time of the events giving rise to this case, Defendants employed Adam Montez as District Manager. His district included the Dairy Queen location in Colorado City.

12. Montez recruited Plaintiff to move to Colorado City to be the manager of the Colorado City Dairy Queen location.

13. Montez and Plaintiff dated briefly before she moved to Colorado City. The relationship ended.

14. Montez invited Plaintiff to visit Colorado City and consider the job of Store Manager.

15. When she got there, he told her that they were expecting her to start that day.

16. Plaintiff needed to return home to take her daughter to college.

17. Plaintiff interviewed with Montez and Director of Operations Jessica Davis. Davis told her that if she did not start immediately, she would not have the job.

18. The employment application asked, "Do you have a relative or roommate that works at a Richeson DQ location? Relatives are someone you are related to by blood or marriage, step-relatives and or someone you are dating or someone you live with."

19. Plaintiff truthfully answered no.

20. However, Plaintiff had to have a place to stay. She stayed with Montez briefly before she got her own place.

21. Director of Operations Jessica Davis was aware that Plaintiff would be staying with Montez for a short period of time. She asked him whose address Plaintiff could use other than his.

22. Montez said that she could use his brother's address.

23. Director of Operations Jessica Davis hired Plaintiff with full knowledge of her previous relationship with Montez.

24. Plaintiff began working on or about August 1, 2020.

25. Once Plaintiff started working, Montez was very forward with her. Because of the previous relationship, he thought he could touch Plaintiff's breast and butt. He expected her to continue the relationship.

26. Plaintiff rejected his advances.

27. Montez sent Plaintiff offensive memes and photos.

28. Plaintiff also observed Montez touching other female employees in an inappropriate manner. Many of the employees were young girls.

29. On September 13, Plaintiff exchanged the following text message with Montez:





30.     Despite admitting that he was leading the female employees on and interfering with Plaintiff's ability to be an effective manager, Montez did not stop.

31.     Plaintiff's employees would not do what she told them to do. Plaintiff's store received some customer complaints.  The Store had a history of turnover with managers, and Plaintiff inherited a lot of problems.

32.     Montez and Director of Operations Jessica Davis met with Plaintiff and demoted her.  They told her she was going to get a pay cut.

33.     On September 23, Plaintiff sent an email to Davis resigning from the job.  Plaintiff's email stated in part,

> I have no authority with anyone because Adams there.  They just skip me & go straight to him because he changes what I say anyway.  Its also hard to manage when his inappropriate relationships, comments & touching of the girls undermines my authority.

34. Plaintiff also complained about the way Montez treated her:

> He & I almost dated last year but we didn't. So he thinks it's ok to grab my butt or breast when no ones looking. I've told him to stop even to the point I told him I was going to punch him if he didn't stop.

35. Plaintiff also complained that Montez contacted Davis and instigated the demotion because Plaintiff complained to Montez about his inappropriate behavior.

36. Davis convinced Plaintiff to stay and told her Defendants were going to conduct an investigation of her complaint.

37. Davis came to the Colorado City location and began training Plaintiff. It became obvious that Montez had not properly trained Plaintiff, and that was part of the reason for her difficulty in being an effective Store Manager (the other reasons being the history of problems in the store including Montez's favoritism and dalliances with the employees).

38. Plaintiff was led to believe that Montez would be fired. Instead, he participated in a telephone training call. Plaintiff talked to Davis about it, and Davis told her she would was just going to have to get over it.

39. Plaintiff resigned, this time for good.

COUNT ONE – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT

40. Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

41. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female. *See* 42 U.S.C. §2000e-5(f).

42. Defendants are employers within the meaning of Title VII. *See* 42 U.S.C. §2000e(b).

43. Defendants subjected Plaintiff to a hostile work environment. Defendants knew or should have known of the hostile work environment and failed to take appropriate remedial measures.

44. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

### COUNT TWO – SEXUAL HARASSMENT – CONSTRUCTIVE DISCHARGE

45. Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

46. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female. *See* 42 U.S.C. §2000e-5(f).

47. Defendants are employers within the meaning of Title VII. *See* 42 U.S.C. §2000e(b).

48. Defendants subjected Plaintiff to a hostile work environment that was subjectively so intolerable that she felt compelled to resign. The hostile work environment was also objectively intolerable, meaning a reasonable person would have quit under the same or similar circumstances.

49. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendants' conduct was willful and justifies an award of punitive damages.

### COUNT THREE – QUID PRO QUO SEXUAL HARASSMENT

50. Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

51. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female. *See* 42 U.S.C. §2000e-5(f).

52. Defendants are employers within the meaning of Title VII. *See* 42 U.S.C. §2000e(b).

53. Defendants subjected Plaintiff to *quid pro quo* sexual harassment. District Manager Adam Montez conditioned the terms and condition of Plaintiff's employment on an exchange of sexual favors. District Manager Montez was a supervisor. Defendants are strictly liable for District Manager Montez's actions.

54. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

## COUNT FOUR – RETALIATION

55. Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

56. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female. *See* 42 U.S.C. §2000e-5(f).

57. Defendants are employers within the meaning of Title VII. *See* 42 U.S.C. §2000e(b).

58. Plaintiff engaged in protected activity when she complained to District Manager Montez about how he was engaging in inappropriate conduct with the young female employees. Plaintiff also engaged in protected activity when she complained to Director of Operations Jessica Davis about how Montez treated the other female employees as well as how he treated her.

59. Plaintiff suffered an adverse employment action when she was demoted, and subsequently constructively discharged.

60. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

## DAMAGES

61. Plaintiff was constructively discharged from employment by Defendants. Although she has diligently sought other employment, she has been unable to find a job at comparable pay. In addition, Plaintiff has incurred expenses in seeking other employment. Plaintiff suffered damage to her pension or retirement benefits. Plaintiff seeks compensation for all back pay and lost wages and benefits. Reinstatement to Plaintiff's previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of front pay and future lost wages and benefits. Plaintiff suffered mental anguish and emotional distress.

## ATTORNEY'S FEES

62. Plaintiff was forced to engage counsel to protect her rights. Plaintiff is entitled to an award of attorney's fees and costs (including, but not limited to, an award of reasonable expert witness fees), both trial and appellate, under Title VII, 42 U.S.C. §2000e-5(k).

## INTEREST

63. Plaintiff is entitled to prejudgment and post judgment interest at the highest lawful rate.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for the following:

    a. Compensatory and punitive damages;

    b. Back pay and front pay;

    c. Attorney's fees and costs;

    d. Prejudgment and post-judgment interest;

    e. Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,

By: /s/ Holly B. Williams
    Holly B. Williams
    Texas Bar No. 00788674
    Naomi Cobb
    Texas Bar No. 24094592

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Ave
Midland, TX 79701-6173
432-682-7800
432-682-1112 (fax)
holly@williamslawpc.com
naomi@williamslawpc.com

**ATTORNEYS FOR PLAINTIFF**
**JENIFER HAASE**